UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SERWAT SERRY,                                            01-CV-6030T

                Plaintiff,
     v.                                                  **DECISION and ORDER**

EXXON MOBIL CORPORATION,

                Defendant.
_____

## INTRODUCTION

On October 23, 2000, plaintiff Serwat Serry ("plaintiff") initiated this action against defendant Exxon Mobil Corporation ("defendant"), alleging, inter alia, that defendant violated the Petroleum Marketing Practices Act ("PMPA") when it failed to renew plaintiff's gasoline service station franchise. (Doc. No. 1). By Decision and Order dated March 4, 2005, this Court granted summary judgment in favor of defendant and dismissed with prejudice plaintiff's only remaining cause of action. (Doc. No. 82). Defendant now moves pursuant to § 2805(d)(3) of the PMPA, for an order directing plaintiff to pay the fees associated with the defense of this action, alleging that plaintiff's suit was frivolous.[1] For the reasons that follow, defendant's motion for attorneys' fees is denied.

---

[1] In determining the present motion, the Court considered defendant's Reply Brief (Doc. No. 92), despite its untimely and improper filing.

## **DISCUSSION**

Defendant argues that plaintiff is liable for payment of the expenses associated with defending this action under two separate theories: (1) contractual liability pursuant to the Franchise Agreement; and (2) statutory liability under the PMPA. However, a plain reading of both the Franchise Agreement and the PMPA reveals that any liability for defendant's attorneys' fees to which plaintiff may be exposed arises not from than separate liability under each document, but rather from a combined reading of the two documents.

Article XIV, paragraph C of the Franchise Agreement provides in relevant part:

> Dealer shall pay Mobil's reasonable attorneys' fees and costs in the event that Mobil sues successfully to enforce any of the provisions of this Agreement or in the event that Mobil successfully defends a suit by Dealer alleging breach by Mobil of any obligation to Dealer under this Agreement or as otherwise imposed by law.

Memorandum In Support of Exxon Mobil Corporation's Motion for Attorney's Fees, Ex. 1, p. 23 (Doc. No. 85); .

Thus, the Franchise Agreement dictates that plaintiff is liable for any attorneys' fees and costs if: (1) defendant successfully sues plaintiff for breach of the Franchise Agreement; (2) defendant successfully defends a suit brought by plaintiff for breach of the Franchise Agreement; or (3) defendant is otherwise legally entitled to fees. Since none of plaintiffs claims alleged that defendant breached the Franchise Agreement, and defendant

maintained no counterclaims against plaintiff for breach of the Franchise Agreement, plaintiff will only be liable for payment of defendant's attorneys' fees if defendant is otherwise legally entitled to such relief under the PMPA.

The PMPA allows for an award of attorneys' fees in a defendant's favor where the court finds that a suit brought by a franchisee is frivolous. 15 U.S.C. § 2805(d)(3). Unfortunately, there is little case law which defines "frivolous" in the context of the PMPA. Nevertheless, there is an abundance of case law which defines "frivolous" in the context of attorneys' fees awards made pursuant to other statutes. Generally, a frivolous lawsuit is one which is unreasonable or groundless. See Davidson v. Keenan, 740 F.2d 129, 132 (2d Cir.1984) (determining motion for attorneys' fees under 42 U.S.C. § 1983); Parker v. Sony Pictures Entertainment, Inc., 260 F.3d 100, 111 (2d Cir.2001) (determining motion for attorneys' fees under Americans with Disabilities Act); American Federation of State, County and Municipal Employees v. County of Nassau, 96 F.3d 644, 645-646 (2d Cir.1998) (determining motion for attorneys' fees in Title VII gender discrimination suit).

At least one of plaintiff's claims falls well short of this definition. Although many of plaintiff's claims were dismissed for failure to state a claim upon which relief could be granted, See Doc. Nos. 14 and 24, his claim that defendant's decision to sell the Site was not made in good faith and in the normal course of

business was not dismissed until well-into the litigation. In fact, the parties spent more than two years conducting discovery before summary judgment was issued in favor of defendant on that claim. Accordingly, I determine that plaintiff's suit was not frivolous and defendant is not entitled to an award of attorneys' fees under the PMPA. This Circuit, along with a host of other Circuits, has determined that, "not all unsuccessful arguments are frivolous or warrant sanctions." Pierce v. F.R. Tripler & Co., 955 F.2d 820, 830 (2d Cir.1992);Protective Life Insurance Company v. Dignity Viatical Settlement Partners, L.P., 171 F.3d 52 (1st Cir.1999); Teamsters Local Union No. 430 v. Cement Express, Inc., 841 F.2d 66 (3d Cir.1988); Hunter v. Earthgrains Company Bakery, 281,F.3d 144 (4th Cir.2002); Matta v. May, 118 F.3d 410 (5th Cir.1997); Matos v. Richard A. Nellis, Inc., 101 F.3d 1193 (7th Cir.1996); Lemos v. Fencl, 828 F.2d 616 (9th Cir.1987); Baker v. Alderman, 158 F.3d 516 (11th Cir.1998).

## CONCLUSION

For the reasons set forth above, I find that plaintiff's suit was not frivolous. Accordingly, defendant's motion for attorneys' fees is denied.

ALL OF THE ABOVE IS SO ORDERED.

                                  S/ Michael A. Telesca
                                      MICHAEL A. TELESCA
                                  United States District Judge

Dated:    Rochester, New York
           June 9, 2005